# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RENE VALDIVIA,<br><br>    Plaintiff,<br><br>vs.<br><br>AUSTIN SIBENALLER, et al.,<br><br>    Defendants. | No. C25-3030-LTS<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before me on multiple motions to dismiss. Defendants Austin Sibenaller, Jonathan Crestinger and Tom Fransen (the Carroll County defendants) filed a motion (Doc. 16) to dismiss for failure to state a claim on September 22, 2025. Defendants Blake Michelsen and Jeremy Bennett (the Guthrie County defendants) filed a motion (Doc. 18) to dismiss for failure to state a claim on September 25, 2025, and an amended motion (Doc. 28) to dismiss on October 23, 2025. Plaintiff Rene Valdivia has filed a resistance (Doc. 25) to the motions to dismiss and a resistance (Doc. 33) to the amended motion to dismiss.[1] Oral argument is not necessary. *See* L.R. 7(c).

## II. BACKGROUND

I outlined the background of this case in my initial review order. Doc. 7. On April 11, 2025, law enforcement searched the apartment of Valdivia's girlfriend. *Id.* at 5-6. As a result of evidence found in the apartment, Valdivia was charged with two

---

[1] In addition, defendant Patrick Loest, an Iowa State Trooper, filed a motion (Doc. 15) to dismiss based on subject matter jurisdiction, sovereign immunity and qualified immunity. In light of my conclusion, *infra*, that this case must be dismissed because it was filed beyond the applicable statute of limitations, I need not separately address Loest's arguments.

counts of possession of a controlled substance, third offense. *Id.* On March 28, 2024, an Iowa district court ruled that the search was illegal and suppressed the evidence from both Valdivia's case and that of his girlfriend. *Id.* On May 3, 2024, the state court dismissed the charges against Valdivia. *Id.*

On April 11, 2025, Valdivia's sister, Angela Valdivia, delivered an application to proceed in forma pauperis (Doc. 1) and a complaint (Doc. 1-2) to the Clerk's office. *See* Doc. 3 at 1. Those filings were docketed on April 16, 2025. Docs. 1, 1-2.[2] After initial review, I allowed Valdivia's § 1983 claims to proceed based on an alleged violation of his Fourth Amendment right against unlawful search and seizure. Doc. 6 at 7. The Carroll County and Guthrie County defendants argue that Valdivia has failed to state a claim upon which relief can be granted because he did not file this action within the applicable statute of limitations. Doc. 16 at 1-3; Doc. 18 at 1-3; Doc. 28 at 1-3.

### III. MOTION TO DISMISS STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces but does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*,] 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

---

[2] Additional information about the filing and docketing of the complaint will be discussed below.

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [our own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While factual "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014). "A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015).

## IV. DISCUSSION

The Carroll County and Guthrie County defendants note that because Valdivia's claims arise from events that occurred on April 11, 2023, and Iowa has a two-year statute of limitations for personal injury claims, the statute of limitation expired on April 11, 2025. Doc. 16 at 1-3; Doc. 28 at 2-3. They argue that Valdivia's claims are time barred

3

Case 3:25-cv-03030-LTS-KEM    Document 36    Filed 02/11/26    Page 3 of 8

and must be dismissed because his complaint and application to proceed in forma pauperis were not filed until April 16, 2025. Doc. 16 at 1-3; Doc. 28 at 2-3. Defendants also argue that Valdivia's claim is further time barred because the first filing Valdivia personally signed was the amended complaint, which was docketed June 10, 2025. Doc. 16 at 2; Doc. 28 at 3.

Section 1983 claims are governed by the relevant state's personal injury statute of limitations. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). In Iowa, § 1983 actions are subject to a two-year statute-of-limitations. *See* Iowa Code § 614.1(2). Although state law determines the statute of limitations in § 1983 claims, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Valdivia alleges that defendants performed an illegal search and seizure on April 11, 2023. Doc. 6 at 7. Thus, his claims accrued on April 11, 2023. *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (cause of action for illegal search or seizure accrues when act occurs). *See also Parker v. City of Dubuque*, No. C19-1020-LTS, 2021 WL 3023393, at *3 (N.D. Iowa July 16, 2021) (noting same and that *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply to illegal search and seizure claims). Because his cause of action accrued on April 11, 2023, he had until April 11, 2025, to file this case.

"[T]he filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015); *see also Porter v. Homehelpers*, No. 4:22-CV-1247 SEP, 2023 WL 2072396, at *5 (E.D. Mo. Feb. 17, 2023) ("This Court considers a document filed on the date it receives the document and stamps it 'RECEIVED.'"). At first glance, then, it appears that Valdivia filed his initial complaint on April 11, 2025, because that is when the Clerk's office received the documents and stamped them received. Doc. 1 at 1; Doc. 1-2 at 1. However, the analysis is complicated by the issue of whether the initial complaint was signed by Valdivia or by his sister.

The name written on the initial complaint is "Rene Valdivia." Doc. 1-2 at 6. However, the question arose because Angela Valdivia[3] (1) asserted that a signed power of attorney enabled her to sign on Valdivia's behalf and (2) signed both the motion to proceed in forma pauperis and the civil cover sheet in her own name, while also listing her contact information on the complaint. Doc. 4 at 1-3; Doc. 1 at 2; Doc. 1-1 at 1; Doc. 1-2 at 6; 3 at 1, 10. Based on those facts, on May 22, 2025, I found that it was "likely that Angela Valdivia also signed the complaint." Doc. 4 at 3. Because of this, I stated:

> If Valdivia did not personally sign the prior complaint, he is directed to file an amended complaint, using the standard form, within 30 days of the date of this order. If Valdivia does not file an amended complaint within 30 days, and I determine the prior complaint was not signed by him, this case will be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 11.

*Id*.

I gave Valdivia no other direction or permission to file an amended complaint other than telling him he must file an amended complaint if he did not personally sign the initial complaint. *Id*. Valdivia then returned a signed amended complaint, using the standard form, which was dated May 30, 2025.[4] Doc. 6 at 16. I take this to be an admission on his part that the initial complaint, like the applications to proceed in forma pauperis and the civil cover sheet, was signed by Angela Valdivia.

Amended pleadings may "relate[] back to the date of the original pleading" under certain circumstances. Fed. R. Civ. P. 15(c). "When the unsigned pleading or other paper is tendered to the clerk for filing by the pro se party himself, that purpose of [Federal Rule of Civil Procedure 11(a)] may be sufficiently fulfilled to allow relation

---

[3] There is no indication that Angela Valdivia is an attorney.

[4] The amended complaint (Doc. 6) included no substantive changes from the initial complaint (Doc. 1-2). If anything, the amended complaint was a cursory summary of the initial complaint.

5

back if the party with reasonable promptness thereafter signs and refiles the document." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Unlike when a pleading is merely left unsigned, if "the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Id.*; *see also Davis v. Dodge Cnty. Sheriff*, No. 8:23CV221, 2023 WL 4027538, at *3 (D. Neb. June 15, 2023) ("[I]t is improper for a non-lawyer . . . to sign papers in place of, or to otherwise represent, parties other than themselves."); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *2 (D. Neb. Oct. 23, 2007) (refusing to allow a power of attorney form to confer the ability to sign legal papers on behalf of plaintiff absent showing of incapacity and equating this to the unauthorized practice of law); *Stephens v. Ballard*, No. 3:16CV-P493-CRS, 2018 WL 11474326, at *2 (W.D. Ky. Feb. 20, 2018) ("A non-attorney shall not act or sign documents on behalf of Plaintiff, as such conduct constitutes the unauthorized practice of law.").

When a filing amounts to the unauthorized practice of law, the filing is a legal nullity that cannot be amended. *See Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950 (8th Cir. 2005). In that case, a non-attorney executor filed an action on behalf of an estate. In affirming the trial court's dismissal of the action, the Eighth Circuit Court of Appeals found that an estate cannot proceed pro se and stated as follows:

> Adrian Jones committed the unauthorized practice of law. Because "[p]rofessional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response," the defect cannot be amended.

*Id*. at 951-52 (internal citations omitted); *see also Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) ("When, as here, a complaint amounts to a nullity, it cannot serve as the foundation for an amendment: Since the original complaint was without legal

6

effect, there was nothing to amend. Granting the motion to amend would have been impossible.").[5]

Under binding circuit precedent, the amended complaint cannot relate back to the initial complaint signed by Angela Valdivia because that document is a legal nullity. The first valid filing in this case was Valdivia's amended complaint, which is dated May 30, 2025, but postmarked June 5, 2025. Doc. 6 at 13-14. Under the "prison mailbox rule," a prisoner's § 1983 complaint is deemed "filed" when he or she places it in the prison's internal mail system. *Sulik v. Taney County*, 316 F.3d 813, 815 (8th Cir. 2003), *rev'd on other grounds*, 393 F.3d 765 (8th Cir. 2005). Thus, I will assume Valdivia placed the amended complaint into the prison mail system on the day he dated it, May 30, 2025. Even with the benefit of the prison mailbox rule, the amended complaint was filed well after the statute of limitations expired on April 11, 2025. Thus, I must grant the defendants' motions and dismiss this case as untimely.[6]

### V. CONCLUSION

For the reasons set forth herein:

1. The motion (Doc. 16) to dismiss filed by defendants Austin Sibenaller, Jonathan Crestinger and Tom Fransen (the Carroll County defendants) is **granted**.

2. The motion (Doc. 18) to dismiss and amended motion (Doc. 28) to dismiss filed by defendants Blake Michelsen and Jeremy Bennett (the Guthrie County defendants) are both **granted**.

---

[5] There is a circuit split on this issue. *See Iriele v. Griffin*, 65 F.4th 1280, 1285–86 (11th Cir. 2023) (declining to apply the Eighth Circuit's "nullity rule").

[6] The Clerk's office received the complaint signed by Angela Valdivia on April 11, 2025, which was the last possible day to file a timely complaint. Thus, there can be no good faith argument that any equitable principles provided Valdivia with additional time to file his amended complaint based on the court's subsequent orders.

7

3. Because this case was not timely filed, it is hereby **dismissed in its entirety** as against all defendants.

4. All other pending motions (Docs. 12, 13, 15, 20 and 34) are **denied as moot**.

5. The Clerk of Court shall **close this case**.

**IT IS SO ORDERED** this 11th day of February, 2026.

_____
Leonard T. Strand
United States District Judge